UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 08-2941-DUBE

UNITED STATES OF AMERICA

vs.

GUSTAVO TAPIAS,
        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

*(signature)*
MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY
FL BAR # 972274
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9027 (phone); (305) 530-6168 (fax)
E-mail: Michael.Davis2@usdoj.gov

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

v.

GUSTAVO TAPIAS

**CRIMINAL COMPLAINT**

CASE NUMBER: 08-2941-DUBE

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Beginning in or around the mid-1990s and continuing through in or around 2006, the exact dates being unknown, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

_____
Signature of Complainant
PAUL HENRY TWEHUES, III
Special Agent, Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

16 July 08          at     Miami, Florida
Date                        City and State

Robert L. Dubé
United States Magistrate Judge
Name and Title of Judicial Officer         Signature of Judicial Officer

## AFFIDAVIT

I, Paul H. Twehues, III, being duly sworn, depose, and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for approximately eleven years.

2. As a Special Agent with the FBI, I specialize in investigations of narcotics offenses, with a particular concentration on offenses arising out the operations of what is commonly known as Colombia's North Valley Cartel. My duties have included investigations involving the North Valley Cartel for approximately nine and one-half years.

3. I am submitting this affidavit for the limited purpose of establishing probable cause to support a criminal complaint and arrest warrant against Gustavo Tapias, a/k/a "Techo." As such, this affidavit does not set forth all facts known to me with respect to Tapias or his criminal conduct. Rather, it sets forth merely those facts insofar as they may be necessary to establish probable cause. This affidavit is based upon information that I have obtained in the course of my employment, as well as information provided to me by governmental officials from the United States and Colombia.

4. By the mid-1990s, the North Valley Cartel eclipsed what had been known as the Cali Cartel as Colombia's most prolific cocaine production and transportation cartel. The North Valley Cartel consists of a group of affiliated Colombian traffickers with various roles in the cocaine trafficking world. Some operate labs that produce the cocaine. Others are investors who purchase and control the cocaine once it is produced. Others are transporters who arrange for and supervise routes for the cocaine to be smuggled out of Colombia and eventually into the United States.

5. Tapias started in the Colombian drug trafficking world as a member of the former Medellin Cartel. Following the fall of the Medellin Cartel, Tapias nonetheless remained an active

and prominent drug trafficker. By the mid-1990s, Tapias's activities eventually gravitated towards facilitating the trafficking operations of prominent members of what eventually became to be known as the North Valley Cartel.

6.  Based upon information provided by cooperating witnesses who in the past have been shown to be reliable, dating back to at least the mid-1990s Tapias assisted North Valley Cartel traffickers by using his connections among different cocaine traffickers to match partners together in smuggling operations. Tapias participated with a ring of prominent Colombian traffickers who from the mid-1990s through remainder of the decade routinely smuggled large loads of cocaine from Colombia to Mexico, from where they were transhipped to destinations in the United States that included the Miami area. These traffickers included, among others, Gabriel Puerta-Parra and now-deceased trafficker Edgar Marroquin. Tapias would be paid from the proceeds of cocaine successfully trafficked through these operations. Marroquin was murdered in January 2001. However, based upon a cooperating witness who in the past has been shown to be reliable, following Marroquin's death Tapias continued working with other traffickers to facilitate the smuggling of large loads of cocaine into the United States.

7.  In recent years, Tapias's role in the North Valley Cartel has evolved to include utilizing his connections to assist traffickers by helping them to obtain information from law enforcement. A cooperating witness has advised law enforcement that in 2003 or 2004 he went to a Colombian attorney for an introduction to sources in law enforcement who could advise the cooperating witness and the witness's partner about an investigation that eventually led to their indictment in this District. The lawyer in turn contacted Tapias, who introduced the attorney to a

2

former Colombian law enforcement officer and a second individual. The attorney in turn introduced the cooperating witness to the former law enforcement officer and the second individual.

8. The cooperating witness met with the former law enforcement officer and the second individual in Tapias's office in Colombia. The cooperating witness explained that there possibly was an investigation involving him and asked the former law enforcement officer to find out as much information as possible. The next day, the former law enforcement officer met with the cooperating witness and explained that his boss needed to be paid $10,000 for the information. Although the cooperating witness contacted Tapias to protest the amount that the former law enforcement officer demanded, the cooperating witness eventually acquiesced and paid the full amount. Among the information that the former law enforcement officer eventually provided to the cooperating witness was a U.S. government communication to Colombian law enforcement that requested information on the cooperating witness.

9. The cooperating witness continued dealing with the former Colombian law enforcement officer through sometime in 2006 and met with Tapias as late as 2006 in an attempt to obtain information about the U.S. investigation and the witness's possible exposure.

10. The information provided by this cooperating witness regarding Tapias's role through 2006 in assisting in obtaining confidential law enforcement information from Colombian law enforcement is consistent with that provided to me by another cooperating witness.

11. The object of Tapias's activities in attempting to obtain confidential information from Colombian law enforcement was to protect traffickers from arrest and to ultimately protect their ability to transport cocaine from Colombia to the United States.

*Paul H. Twehues, III*
PAUL H. TWEHUES, III
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn and subscribed to before me
this 16 day of July 2008,
at Miami, Florida, in the Southern
District of Florida.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE

4